**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2845-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LIAM P. MCATASNEY,

     Defendant-Appellant.

_____

        Submitted October 1, 2025 – Decided November 6, 2025

        Before Judges Currier and Jablonski.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-04-0560.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

        Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Liam McAtasney appeals from a denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons set forth in Judge Michael A. Guadagno's cogent and comprehensive written opinion.

We will not recite the factual antecedents of this matter because they have already been discussed by this court at length in our prior opinion affirming defendant's conviction. See State v. Liam P. McAtasney, No. A-5006-18 (App. Div. Feb. 3, 2023) (slip op. at 2-36).

I.

Following a jury trial, defendant was convicted of first-degree knowing and purposeful murder, N.J.S.A. 2C:11-3(a)(1) and (2); first-degree robbery, N.J.S.A. 2C:15-1; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and 2C:15-1; second-degree disturbing or desecrating human remains, N.J.S.A. 2C:22-1(a)(1) and (2); fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1); and third-degree hindering apprehension of oneself, N.J.S.A. 2C:29-3b. Defendant was sentenced to an aggregate term of life imprisonment without the possibility of parole.

A-2845-23

Defendant appealed, and we affirmed his convictions. The Supreme Court denied certification. State v. McAtasney, 253 N.J. 581 (2023)

In his petition for PCR before the trial court, defendant asserted claims of ineffective assistance of counsel, alleging his attorney failed to conduct proper cross-examination of the State's witness, did not provide a "complete and meaningful" defense because counsel was allegedly unprepared and physically infirm, and neglected to perform adequate investigation. Additionally, defendant argued that prosecutorial misconduct and certain "tactics" employed by the prosecutor violated his fundamental right to due process. These deficiencies, he contended, established a prima facie case warranting an evidentiary hearing.

Judge Guadagno did not grant defendant's request for an evidentiary hearing, and, in a comprehensive and well-reasoned thirty-one-page opinion, denied defendant's PCR application. After detailing each alleged point of error, the judge ultimately concluded "defendant has failed to establish a prima facie claim of ineffective assistance of counsel by his trial counsel and his claims of prosecutorial misconduct lack merit and are procedurally barred. Because of this failure[,] defendant is not entitled to an evidentiary hearing." This appeal followed.

Here, defendant argues:

POINT I

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL AND THE EVIDENCE LAY OUTSIDE THE RECORD BELOW.

(A) TRIAL COUNSEL FAILED TO EFFECTIVELY CROSS-EXAMINE THE COOPERATING CO-DEFENDANT[].

(B) TRIAL COUNSEL FAILED TO REVIEW CRITICAL EVIDENCE BEFORE TRIAL AND WAS COMPLETELY UNPREPARED TO MEET [PROFERRED EXPERT TESTIMONY].

(C) TRIAL COUNSEL WAS INTOXICATED THROUGH THE TRIAL AFTER DRINKING ALCOHOL DURING THE LUNCH BREAKS.

(D) TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO NUMEROUS INSTANCES OF PROSECUTORIAL MISCONDUCT AND THEREBY FAILED TO PRESERVE THE ISSUE FOR DIRECT APPEAL.

II.

On appeal, we "defer to the [PCR] court's factual findings, given its opportunity to hear live witness testimony, and '. . . uphold the PCR court's findings that are supported by sufficient credible evidence in the record.'" State

4

v. Gideon, 244 N.J. 538, 551 (2021) (quoting State v. Nash, 212 N.J. 518, 540 (2013)).  "However, where the court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record."  State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014).  "When the reviewing court is satisfied that the findings and result meet this criterion, its task is complete, and it should not disturb the result, even [if] it has the feeling it might have reached a different conclusion were it the trial tribunal."  State v. Johnson, 42 N.J. 146, 162 (1964).

To succeed on a claim of ineffective assistance of counsel, a defendant must satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1999), as adopted in New Jersey by State v. Fritz, 105 N.J. 42, 58 (1987) by a preponderance of the evidence.  "First, the defendant must show that counsel's performance was deficient."  Strickland, 466 U.S. at 687.  This requires demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Ibid.  The United States Constitution requires "reasonably effective assistance."  Ibid.  An attorney's performance will not be deemed deficient if counsel acted "'within the range of competence demanded of attorneys in criminal cases.'"  Ibid. (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).  Therefore,

A-2845-23

"[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999). Thus, a trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with counsel's "exercise of judgment during the trial . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (internal citation omitted).

Under the second prong of the Strickland test, the defendant must show "the deficient performance prejudiced the defense." 466 U.S. at 687. This

6

means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. It is insufficient for the defendant to show the errors "had some conceivable effect on the outcome." Id. at 693. Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if [it] had no effect on the judgment." Id. at 691.

A prima facie case is established when a defendant "allege[s] facts sufficient to demonstrate counsel's substandard performance," meaning that a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Specifically, petitioner must "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Russo, 333 N.J. Super. 119, 138 (App. Div. 2000).

We find insufficient merit in defendant's points to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We add only these brief comments. Contrary to defendant's assertion, defense counsel did cross-examine the co-conspirator about inconsistencies in that witness's inculpatory statements. Defense counsel also properly, effectively, and successfully countered the State's proffered expert testimony resulting in only factual

evidence from its witness being presented to the jury. The allegation concerning defense counsel's intoxication is a bald assertion unsubstantiated by any record evidence. Finally, the State's comments made, albeit dramatically in opening statement and closing argument, were based on the record and represented fair comment on the evidence.

In sum, having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Guadagno's opinion. We discern no abuse of discretion in the judge's consideration of the issues nor in his decision to deny the petition without an evidentiary hearing. We are satisfied the performance of trial counsel was not deficient and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2845-23